**DUNLEVEY, Plaintiff-Appellee, v. VOLK, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2116. Decided December 11, 1950.

Jacobson & Durst, Dayton, for plaintiff-appellee.

Oldham & Oldham, Carl Norman, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal from a judgment of the Common Pleas Court for $1,225.00 with interest and costs in favor of plaintiff against the defendant.

The action was for real estate commission predicated upon the exchange of defendant's real property which was used as a residence and a business room for a tavern, together with the fixtures and business, for certain real estate owned by Mr. and Mrs. Ernest F. Schulties, a 1948 automobile trailer, $1,000.00 in cash, less $450.00 returned by defendant to the owner of the trailer. Defendant also took a mortgage back on the property which he transferred in the amount of $10,000.00.

It was the claim of the plaintiff that as the agent of defendant she, through her husband, her duly authorized agent. was the procuring cause of the defendant making the exchange of his property. The defendant answered by general denial. The cause was submitted to a judge without the intervention of a jury.

Appellant assigns five errors but one only is argued in the briefs, viz: That the finding and judgment were not supported by and were contrary to the manifest weight of the evidence.

A careful reading of this record is convincing that there were three controlling issues.

1. The agency of the plaintiff.

2. Whether or not the plaintiff in the transactions prior to the exchange acted in the best interest of the defendant and

3. Whether or not the plaintiff by her services and activities through her agent was the procuring cause of the exchange

Upon all of these issues there is support for the contention of both of the parties. Their determination was peculiarly for the trier of the facts who resolved all of them in favor of the plaintiff.

The factual development is such that we cannot hold either that the judgment is not supported by the evidence or that it is manifestly against the weight thereof.

The judgment will, therefore, be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.