DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, which granted the motion of appellees, Richard K. and Bonnie A. Highfield, for partial summary judgment. While other claims remain pending in the trial court, the common pleas court included the Civ.R. 54(B) language necessary to render its judgment a final, appealable order.
 {¶ 2} In its judgment, the trial court entered a mandatory injunction ordering appellant, Lakewood Estates Association to (1) immediately remove "any and all encroachments or obstructions" to appellees' ingress and egress from their property ("Lot 45") located in the Lake in the Woods Estates subdivision; and (2) open a 50 foot right-of-way depicted on a plat of Lake in the Woods Estates subdivision to its "full dimensions" for the purpose of vehicular ingress and egress to the lots within the subdivision.
 {¶ 3} Lakewood Estates Association asserts that the court's judgment is in error in the following respects:
 {¶ 4} "1. The trial court erred in granting the motion of plaintiffs for summary judgment, ruling that defendant, Lakewood Estates Association, was obligated as the successor in interest to a subdivision developer to widen an existing private paved road to its full width as shown on the plat filed for the record by the developer.
 {¶ 5} "2. The trial court erred in granting the motion of the plaintiffs for summary judgment, ruling that defendant, Lakewood Estates Association, was obligated to remove obstructions between the existing paved road and plaintiffs' lot where plaintiffs had not submitted to the association's architectural control committee building plans showing the location and width of a driveway to be constructed from the lot to the existing road, as required by subdivision restrictions."
 {¶ 6} In addition, third party defendants-appellants, John and Monica Chamberlin, raise as their sole assignment of error:
 {¶ 7} "The court erred in ordering that Lakewood Estates Association shall immediately remove any and all encroachments and obstructions to plaintiffs' free and open ingress and egress from the Crest (Drive) Boulevard to Lot 45 in the Lake in the Woods Estates Subdivision, which is owned by the plaintiffs. In furtherance of this order Lakewood Estates Association shall remove all encroachments and obstructions that are located within the boundaries of Crest (Drive) Boulevard right of way or Lake in the Woods Estates Subdivision common areas depicted on the plat map filed for record in Plat Volume 30, page 3-A of the Ottawa County, Ohio Plat Records that in any way obstruct or encroach upon the plaintiffs' ingress and egress to Lot 45."
 {¶ 8} Our review of the trial court's denial or grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. A party can prevail on its motion for summary judgment only if: (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Civ.R. 56(C).
 {¶ 9} In their motion for partial summary judgment, appellees requested a mandatory injunction ordering Lakewood Estates Association to construct a road to the full width of the right-of-way and to "remove any and all obstructions which are currently located in the right-of-way." Therefore, in order to be entitled to that extraordinary equitable remedy, appellees were required to establish that a vested right has been abridged, infringed upon, or eliminated. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. They also needed to show, by clear and convincing evidence, that immediate and irreparable harm would result if the injunction was not granted, and that no adequate alternative remedy at law existed. Lemley v. Stevenson (1995),104 Ohio App.3d 126, 136.
 {¶ 10} The following undisputed facts are necessary for the resolution of this appeal. In April 1998, appellees purchased Lot 45 located in Lake in the Woods Estates Subdivision. Lot 45 is the last lot along a private right-of-way denominated as Crest Boulevard.
 {¶ 11} While the recorded plat of the subdivision ("Plat 2") shows the right-of-way as being 50 feet wide (extending to 108 feet in an undeveloped cul-de-sac at the end of road), the developer of the subdivision built only a 12 foot wide asphalt road, known as Crest Drive, for the length of the right-of-way. Appellees only access to Lot 45 is by means of Crest Drive. Thus, appellees' driveway, if ever constructed, must pass through the undeveloped portion of the right-of-way in order to reach the road. Slightly over 24 feet of appellees' lot is contiguous with the right-of-way.
 {¶ 12} Lots 43 and 44 are currently owned by the Chamberlins. Lot 44 adjoins Lot 45. A driveway across the right-of-way to Lot 44, as well as landscaping, narrow Lot 45's point of access at Crest Drive to 14.4 feet. Both the landscaping and driveway were established by the previous owners of Lot 44 prior to the formation of the Lakewood Estates Association in 1995.
 {¶ 13} Lakewood Estates Association is a homeowners association, having all the property owners in the subdivision as its members. Each member is required to pay yearly dues and other fees and assessments. There is nothing in the Declaration of Easements, Covenants and Restrictions for the Lake in the Woods Estates Subdivision ("Declarations") that requires the association to develop/build the private roads within the subdivision.
 {¶ 14} The "Owners Certificate" on Plat 2 of Lake in the Woods Estates provides, in relevant part:
 {¶ 15} "The undersigned [the developer of the subdivision] creates a non-exclusive private roadway easement on the Private Common Area as shown hereon for the purposes of vehicular and pedestrian access to * * * Lots 17 through 45 for the benefit and advantages of the owner or owners of said Lots, their respective heirs and assigns forever, and their respective agents, to freely pass and repass, to and fro, on foot or with vehicles of every description, subject at all times to such reasonable rules and regulations as may be from time to time, be imposed by the undersigned. Said roadway easement shall be kept unobstructed at all times. Maintenance, repair, snow removal and other costs of the private roadway easement within the Private Common Area designated hereon shall be borne by the owner or owners thereof."
 {¶ 16} However, the Owners Certificate does not require the owner/developer of Lake in the Woods Estates to construct a private road for the entire 50 foot width of the right-of-way depicted on that plat.
 {¶ 17} Finally, Article Six, Section 3 of the Declarations makes the association responsible for "all snow removal of roadways, street lighting and other maintenance" within the subdivision. The Declarations do not, nonetheless, impose any duty upon the Lakewood Estates Association to construct roads within the boundaries of Lake in the Woods Estates.
 {¶ 18} In its first assignment of error, Lakewood Estates Association contends that the trial court erred in relying on Beechlerv. Winkel (1978), 59 Ohio App.2d 65, in order to find that the association, as the successor in interest to the developer, has the duty to enlarge Crest Drive to the 50 foot width ascribed to the right-of-way in Plat 2. The association maintains that Beechler is distinguishable from the present cause. We agree with Lakewood Estates Association.
 {¶ 19} In Beechler, the landowners, the Winkels, recorded a plat in 1962 that certified that the roads within their proposed subdivision would be "constructed in accordance with county specifications." Id. at 69. The ownership certificate in the plat also dedicated the roads to public use. Id. The Winkels sold the nineteen lots in the subdivision and constructed the roads therein. Id. at 69-70.
 {¶ 20} In 1975, owners of property in the subdivision filed a declaratory judgment action and an action in equity in which they asserted that they purchased their properties in reliance on the plat and on oral representations made by the Winkels. Specifically, the plaintiffs maintained that the Winkels promised that the roads in the subdivision would meet county specifications, and that the roads, as constructed, did not meet these specifications. Id. at 66.
 {¶ 21} The trial court in Beechler found in favor of the plaintiffs, holding that the plat imposed a duty on the original landowners, that is, the Winkels, to construct the roads in the subdivision to county specifications. Id. at 68. The Winkels were given the option of constructing the roads themselves or having them completed by the county under the lowest bid with that cost to be paid by the Winkels. Id. at 75.
 {¶ 22} This court affirmed the trial court's judgment, holding:
 {¶ 23} "When an owner records a plat subdividing his land, showing streets or other public areas, followed by the selling of lots with a reference thereto, the new owners acquire a private easement in these streets and the owner is estopped to deny the right of the grantee to the use of said street and to all of the benefits contained in said plat. In this case, that includes each and every right, easement, privilege and advantage which the plat represents as belonging to them."
 {¶ 24} Unlike Beechler, the case before us does not involve the original landowner who platted the subdivision and constructed the roads in that subdivision. We therefore decline to extend the rule in Beechler
to a case involving a homeowner's association that is under no duty to construct the roads in a subdivision. Moreover, and apparently unlikeBeechler, the undisputed facts of this cause reveal that creation of a 12 foot road rather than a 50 foot road has not denied appellees the use of Crest Drive.
 {¶ 25} Furthermore, in Beechler, the Winkels promised to conform the roads to county specifications. Here, the plat simply shows a 50 foot right-of-way extending the length of Crest Drive; it does not specify any width for any private road. Thus, while the plat in the case under consideration does provide appellees with an easement in the 50 foot right-of-way for access to Lot 45, it does not require the developer, and consequently, its successor in interest, to construct a 50 foot wide road.
 {¶ 26} In short, the undisputed facts of this case reveal that Lakewood Estates Association has no obligation to construct any roadway in the subdivision, much less a 50 foot wide roadway. Accordingly, the trial court erred in granting partial summary judgment to appellees on this issue. Lakewood Estates Association's first assignment of error is found well-taken.
 {¶ 27} In their second assignment of error, Lakewood Estates Association contends that the common pleas court erred in ordering it to remove all obstructions and encroachments between Crest Drive and appellees' property when, in fact, appellees have never submitted, as required by Article Three, Section 8 of the Declarations, their plans for a driveway across the easement to the Architectural Control Committee for its approval. Essentially, Lakewood Estates Association asserts that the court's ruling is premature.
 {¶ 28} The Chamberlins argue in their sole assignment of error that questions of material fact exist on the necessity for the removal of the vaguely termed "encroachments and obstructions." They also urge that the Declarations contemplate and allow certain "encroachments and obstructions," such as driveways and landscaping, to exist on the right-of-way easement.
 {¶ 29} Clearly, from facts adduced from the plat itself, the survey of the subdivision, the Declarations and the affidavits offered in support and in opposition to appellees' motion for partial summary judgment, appellees have a vested right of access to Lot 45. Nonetheless, the undisputed facts show that there is at least a 14.4 foot wide point of access to Lot 45 at the juncture of the right-of-way and Crest Drive. Consequently, even though appellees maintain that their access is "blocked," they fail to offer any facts demonstrating this allegation. Therefore, they are not subject to immediate and irreparable harm if the injunction is not granted.
 {¶ 30} Consequently, even though we would not deem the granting of the motion for summary judgment as "premature," we are of the opinion that, at the very least, a question of material fact exists on the issue of the necessity for the removal of a portion of the driveway leading to Lot 44 and the landscaping on that part of the right-of-way.
 {¶ 31} As to the remaining assertions made by the Chamberlins, the question of whether or not the previous owners of Lot 44 obtained approval for their driveway and landscaping, as well as the effect, if any, of the Declarations on appellees request for an injunction ordering the removal of the same are not ripe for determination until such time that it is decided that appellees' lack access to Lot 45.
 {¶ 32} Accordingly, Lakewood Estates Association's second assignment of error is found well-taken. The Chamberlin's sole assignment of error is found well-taken, in part, and moot, in part.
 {¶ 33} On consideration whereof, this court finds that substantial justice was not done the parties complaining, and the judgment of the Ottawa County Common Pleas Court is reversed. This cause is remanded to that court for further proceeding consistent with this judgment. Appellees, Richard and Bonnie Highfield, are ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.