[Cite as *State ex rel. Bayless v. Guernsey Cty. Eng.*, 2023-Ohio-4459.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL., SCOTT AND KERRY BAYLESS | JUDGES: Hon. William B. Hoffman, P.J. Hon. Craig R. Baldwin, J. Hon. Andrew J. King, J. |
| Relators | |
| -vs- | |
| | Case No. 23CA000024 |
| GUERNSEY COUNTY ENGINEER | |
| and | O P I N I O N |
| GUERNSEY COUNTY PLANNING COMMISSION | |
| and | |
| GUERNSEY COUNTY COMMISSIONER | |
| and | |
| J & J MUSKINGUM REAL ESTATE, LLC CAROL GOFF | |
| Respondents | |

CHARACTER OF PROCEEDINGS:          Writ of Mandamus


JUDGMENT:          Dismissed

DATE OF JUDGMENT ENTRY:          December 6, 2023


APPEARANCES:

For Relators

JOSIAH COLLIER
612 Garfield Avenue, Apt. #324
Kansas City, MO  64124

For County Respondents

DERRICK EVAN MOOREHEAD
58 North Fifth Street
Zanesville, OH 43701

For Goff Respondents

MOLLY R. GWIN
ALEXIS R. PANNELL
Isaac, Wiles & Burkholder, LLC
2 Miranova Place, Suite #700
Columbus, OH 43215

*Hoffman, P.J.*

**{¶1}** Relators, Scott and Kerri Bayless, are owners of parcels of land located within the Wakefield Subdivision in Guernsey County. Respondents can be separated into two groups. The first group of respondents are the Guernsey County Engineer, Guernsey County Planning Commission, and Guernsey County Commissioner ("County Respondents"). The second group of respondents consists of Carol Goff and J & J Muskingum Real Estate, LLC ("Goff"). Goff is the sole owner of J & J Muskingum Real Estate, LLC.

**{¶2}** Goff submitted a subdivision plat which was approved by the County Respondents. The plat calls for a cul-de-sac and connecting roads which have not been constructed.[1] As a result, Relators aver they are landlocked without the roads and lack access to public services like school buses and emergency services.

**{¶3}** Relators have filed a complaint with two causes of action. The first cause of action requests a writ of mandamus issue. The second cause of action is a declaratory judgment action. Relators seek relief requiring the County Respondents to "enforce subdivision standards," and "[p]ursuant to R.C. 711.17, order the Wakefield Subdivision plats to be rewritten to comply with all applicable standards and regulations." Relators also seek to require the Goff Respondents to complete "construction of the subdivision within 3 months of the order."

**{¶4}** Both sets of Respondents have filed motions to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may granted. Relators have filed responses in opposition to those motions.

---

[1] See ¶16-18 Amended Petition for Writ of Mandamus and ¶ 17-19 Answer of County Respondents.

### MOTION TO DISMISS STANDARD - CIV.R. 12(B)(6)

**{¶5}** "For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." (Citation omitted.) *State ex rel. Bandy v. Gilson*, 161 Ohio St.3d 237, 2020-Ohio-5222, 161 N.E.3d 672, ¶ 11.

### MANDAMUS

**{¶6}** To obtain a writ of mandamus, Relators must establish by clear and convincing evidence (1) they have a clear legal right to requested relief, (2) Respondents have a clear legal duty to provide that relief, and (3) Relators do not have an adequate remedy in the ordinary course of law. *State ex rel. King v. Cuyahoga Cnty. Bd. of Elections*, 2023-Ohio-3959, HN1.

**{¶7}** "Generally, if a relator has or had an adequate remedy at law, whether used or not, relief in mandamus is precluded." *State ex rel. Martin v. Russo*, 8th Dist. Cuyahoga No. 96328, 2011-Ohio-3268, 2011 WL 2568453, ¶ 7, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

**{¶8}** We find Relators have or had an adequate remedy at law, therefore, a writ of mandamus does not lie. In *Beechler v. Winkel*, 59 Ohio App.2d 65, 392 N.E.2d 889 (6th Dist. 1978), property owners used declaratory judgment and an action in equity to seek the construction of roads consistent with the approved plat. The Sixth District found an action in specific performance is available to a landowner relying on the plat for street access to compel the construction of streets. *Id.* at 72.

{¶9} Relators likewise have these options available to them providing an adequate remedy at law. The existence of an adequate remedy at law prevents this Court from issuing the requested writ.

{¶10} Respondents further argue Relators lack standing to seek enforcement of O.R.C. 711. Because we have already determined Relators have an adequate remedy at law, resolution of this issue is unnecessary. We note to the extent the petition seeks enforcement of O.R.C. 711, et seq., "Chapter 711 creates no rights on behalf of individuals to sue for Chapter 711 violations." *Newell v. Rase*, 4th Dist. Scioto No. 1512, 1985 WL 9389, *3.

{¶11} Because an adequate remedy at law exists or existed, we decline to issue the requested writ of mandamus.

## DECLARATORY JUDGMENT

{¶12} We lack jurisdiction over Relators' second cause of action.

{¶13} "[P]ursuant to Section [3](B), Article IV of the Ohio Constitution, the scope of an Ohio appellate court's original jurisdiction is expressly limited to five types of claims. *State ex rel. Biros v. Logan*, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425 [2003 WL 22326666], at ¶ 15. Since a declaratory judgment claim is not included in the list delineated under the constitutional provision, an Ohio appellate court does not have the general authority to hear such a claim as a trial court. *Wright v. Ghee* (1996), 74 Ohio St.3d 465, 659 N.E.2d 1261; *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 543 N.E.2d 1271. Instead, we can only consider the merits of a declaratory judgment claim in a direct appeal from a decision of a lower court." *Rone v. State*, 11th Dist. Ashtabula No. 2005-A-0075, 2006-Ohio-1268, 2006 WL 687939, ¶ 4.

**{¶14}** Because this Court cannot hear declaratory judgment as an original cause of action, this portion of the petition is dismissed for lack of jurisdiction.

CONCLUSION

**{¶15}** For the foregoing reasons, we grant Respondents' Motions to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur