No. 85-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

FRED W. MAJERS, CECILA MAJERS,
et al.

Plaintiffs and Respondents,

-vs-

THE SHINING MOUNTAINS, a California
limited partnership,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randy Dix argued, Helena, Montana
Jones & Hoffman; Chester Lloyd Jones argued, Virginia
City, Montana
Landoe, Brown, Planalp, Kommers & Johnstone, Bozeman,
Montana

For Respondent:

Poore, Roth & Robinson; Urban L. Roth and Charles R.
Anderson argued, Butte, Montana

---

Submitted: September 18, 1985

Decided: January 7, 1986

Filed: JAN 7 - 1986

Ethel M. Harrison
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellant, Shining Mountains, appeals an order of the District Court of the Fifth Judicial District, Madison County, granting plaintiffs' motion for partial summary judgment. The District Court held that Shining Mountains had an implied covenant to construct improvements indicated on a recorded plat. The order also stated the covenant could be enforced through specific performance. We reverse and remand for further proceedings.

Shining Mountains acquired and subdivided a 7,000 acre ranch in Madison County between January and July, 1972. In order to sell the lots, they prepared and recorded subdivision plat maps which assigned a number to each lot and designated common areas and roadways. These plats were filed prior to the effective date of the Montana Subdivision and Platting Act in §§ 76-3-501 et. seq., MCA, and thus were not subject to its provisions. When Shining Mountains prepared the purchase and sale contracts, they specifically referred to the recorded plats. The purchase and sale contracts and protective covenants, also recorded by Shining Mountains, provided that Shining Mountains would form a non-profit corporation or similar entity to administer such things as the "overseeing and maintenance of all common areas." The agreements contained no statements on who would construct roads or common areas.

Plaintiffs and respondents are the purchasers and owners of some of the residential lots within this subdivision. They purchased lots from Shining Mountains between 1974 and 1978. They stated in affidavits that Shining Mountains personnel told them roads would be constructed and maintained by the sellers. They also stated that Shining Mountains personnel told them a dam would be constructed across the creek on the property to form a lake

2

suitable for fishing and other recreation. Respondents apparently asked Shining Mountains to open and construct the designated roadways. Shining Mountains was unwilling to construct the roadways.

Respondents filed their complaint on February 17, 1984 alleging: (1) the existence of a common-law implied covenant to open and build roadways in Shining Mountains; and (2) Shining Mountains was estopped from denying this obligation because of representations made about the road construction. The complaint asked for a decree of specific performance or, alternatively, money damages. On April 2, 1984, Shining Mountains submitted a motion to dismiss contending that the first count failed to state a claim upon which relief could be granted. They argued that, as a matter of law, roadway easements reserved in subdivision plats do not create any implied obligation on the part of a subdivider to open and construct roads at its expense. Respondents conceded that this was a case of first impression in Montana. The District Court denied the motion to dismiss on May 4, 1984. In its answer, Shining Mountains repeated contentions from the motion to dismiss and raised several affirmative defenses including impossibility of performance for lack of an ascertainable standard and the statute of limitations.

Respondents submitted a motion for partial summary judgment on their implied covenant theory of recovery on July 2, 1984. At about the same time, Shining Mountains filed a motion to stay this proceeding on the grounds that related lawsuits brought four years earlier by other lot owners could afford full relief to all claimants. After briefs and oral argument by both parties, the District Court granted respondents' motion for partial summary judgment and denied Shining Mountains' motion to stay this action. On motion by Shining Mountains and after argument by both parties, the

3

District Court certified its judgment as final pursuant to Rules 54(b) and 58 M.R.Civ.P. on November 7, 1984.

Shining Mountains raises three issues on appeal:

(1) Whether the District Court erred by granting partial summary judgment and ruling that reservation of easements for roadways in subdivision plats creates an implied common-law covenant by the lot seller to open and construct roadways at his expense.

(2) Whether the claims for relief are barred by applicable statutes of limitations.

(3) Whether the remedy of specific performance is available in this case.

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P. This Court has consistently held that the moving party has the burden of showing a complete absence of any genuine fact issue material to the substantive principles which entitles him to judgment as a matter of law. This rule imposes a strict standard on the movant. Farmer's Ins. Exchange v. Janzer (Mont. 1985), 697 P.2d 460, 461-462, 42 St.Rep. 337, 339. Once this burden is met, the burden shifts to the party opposing the motion, who must come forward with substantial evidence raising a factual issue. Farmer's Ins. Exchange, 697 P.2d at 462. When reviewing the summary judgment on appeal, this Court views the evidence in a light most favorable to the party opposing summary judgment and affords that party the benefit of reasonable inferences from the offered proof. Mally v. Asanovich (1967), 149 Mont. 99, 423 P.2d 294.

Shining Mountains contends, in the first issue, no legal authority exists to hold that reservations of roadway easements in plats create an implied covenant in the seller to open and construct the roadways. The District Court

4

relied on the reasoning in Beechler v. Winkel (Ohio 1978), 392 N.E.2d 889, and noted that § 76-3-304, MCA, which came into effect after the plats were filed, recognized the general principles involved.

In Beechler, 392 N.E.2d 889, the defendant subdivided farmland. When he submitted the plat for recording, the defendant signed an owner's certificate, required by the county, stating that roads would be constructed according to county specifications. Defendant testified he believed that the certificate obligated him to build roads to those specifications only if he wanted them to be public. He then built roads and sold lots. Testimony showed that the cost of building roads to the specifications would exceed the sale price of the lot in some cases. The evidence conflicted as to what oral representations the seller made to purchasers. No purchaser testified that he looked at the plat prior to buying the property. Beechler, 392 N.E.2d at 894, held that filing a plat which shows streets and selling lots with reference to the plat "creates easements and rights in the private owners." Beechler is distinguishable from the case at bar in that the defendant in Beechler agreed in writing to construct the roads and the writing was part of the recorded plat. Here, no writing exists to show such an agreement and the county did not require such a promise.

Other authorities, cited by respondents, support contentions that selling lots with reference to a map indicating streets creates private enforceable easements in the purchasers for use of those streets; purchasers may enforce a dedication of such streets; and selling lots shown to be on a street in a plat creates an implied covenant that the street exists. Respondents acknowledge that these authorities are not directly applicable.

Section 76-3-304, MCA, provides that the recording of a plat establishes the identity of the land shown and that the

5

plat is incorporated into the instrument of conveyance when the land is conveyed with reference to the plat. The plats here show roadway easements. This statute does not convert the indication of an easement in a plat to a promise to build the road. The plat merely establishes the location of the easements. Respondents also contend that §§ 76-3-501 and -507, MCA, may be a codification of an existing common law duty and thus applicable. We disagree. These sections give local government authority over subdivision regulations and allow the local government to require the posting of a bond or other security in lieu of constructing public improvements. These sections were specifically made prospective in application after the plats in this case were recorded. They were a legislative response to problems with developers, not a codification of common law. Montana had no case law on this issue. Further, case law from other jurisdictions indicates a different common law rule. In Buckley v. Maxson (Conn. 1935), 181 A. 922, plaintiff requested an injunction to restrain defendants from interfering with her use of a strip of land to access her property. Defendants were successors in interest to the people who sold her the property. Defendants were aware that plaintiff had acquired her land relying on land records which showed a proposed extension of a street to her property. That court cited cases from several jurisdictions on the common law rule that where a conveyance describes land as bounded by a proposed street, defendants cannot "deny the existence of a street at least sufficient to entitle the plaintiff to a right of way over the land so referred to." Buckley, 181 A. at 925. The court then stated:

> . . . No covenant is implied, however,
> that the street will be made and
> maintained fit for travel. Hennessey v.
> Old Colony & Newport R. Co., 101 Mass
> 540, 100 Am.Dec. 127 . . . All that the
> plaintiff is held entitled to is a right
> to use the locus . . . without

6

> obstruction or unreasonable interferences
> by the defendants.

Buckley, 181 A. at 925.

More recent case law also supports the proposition that instruments such as those in the case at bar do not comprise a promise, express or implied, to construct roads. In Ute Park Summer Homes Ass'n v. Maxwell Land Gr. Co. (N.M. 1967), 427 P.2d 249, the New Mexico Supreme Court reversed a summary judgment entered for the seller and developer and discussed legal principles applicable to the case at bar. The plat, in that case, showed lot lines and numbers, existing and proposed roads, an open area labelled "golf course" with a "clubhouse" located at one end, and an area labelled "tennis courts" nearby. Although the plat was not recorded, it was distributed and used in the sale of these lots. The developer then sold lots in the "clubhouse" and "golf course" area without use restrictions. The purchasers and owners filed a complaint seeking to enjoin any transfers of land without use restrictions, to obtain an order directing the development of the lands, and for a declaratory judgment as to the parties' rights. Reversing a summary judgment entered for the developers on the injunction issue, the court held that "where land is sold with reference to a map or plat showing a park or like open area, the purchaser acquires a private right, generally referred to as an easement, that such area shall be used in the manner designated." Ute Park, 427 P.2d at 253. The rationale for this rule is relevant for this case. "It is the use made of the plat in inducing the purchasers [sic], which gives rise to the legally enforceable right in the individual purchasers, and such is not dependent upon a dedication to public use, or upon the filing or recording of the plat." Ute Park, 427 P.2d at 253. Similarly here, the purchasers acquired an easement for the designated use. Whether there is any legally enforceable

7

right to have the roads constructed depends not on the designation in the plats but on the use of those plats in inducing purchases. The instruments alone do not give rise to a promise to open or construct the roads. Factual issues remain on the use made of the plats and what representations were made in the sale of lots. We therefore reverse the order granting partial summary judgment for respondents and remand for further proceedings.

In the second issue, Shining Mountains argues that the claims are barred by the statute of limitations in either § 27-2-207(1) or -202(3), MCA. Section 27-2-207(1), MCA, prescribes a two year limit on actions for "injury to or waste or trespass on real or personal property." This case does not concern injury, waste or trespass to property. Section 27-2-202(3), MCA, limits the period for commencing an action based on "an obligation or liability, other than a contract, account, or promise, not founded upon an instrument in writing" to within three years. The issue here concerns an implied covenant arising from the use of written documents. "Whatever is implied in a contract is as effectual as what is expressed." Berthelote v. Loy Oil Co. (1933), 95 Mont. 434, 445, 28 P.2d 187, 190, cited in U.V. Industries Inc. v. Danielson (1979), 184 Mont. 203, 228, 602 P.2d 571, 586. "The appropriate statute of limitations is therefore eight years, the limitation for actions based on a written contract. Section 27-2-202(1), MCA." U.V. Industries,Inc, supra. Accordingly, we hold that the purchasers' claims are not barred by the statute of limitations in § 27-2-207(1) or -202(3), MCA.

The District Court held that specific performance is a remedy available to respondents for breach of the implied covenant. Shining Mountains argues in its third issue that this remedy is not available. The District Court, on remand, may find no such covenant exists. In addition, the record on

8

appeal does not contain the evidence necessary for a determination on this issue. Therefore, we leave this issue for any further consideration found necessary by the District Court.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9