No. 87-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

FRED W. MAGERS and CECILA MAGERS,
DONALD R. ABRAHAMSON and LOUINE W.
ABRAHAMSON, THOMAS TILLMAN and THOMAS
ORCUTT,

        Plaintiffs and Respondents,

    -vs-

THE SHINING MOUNTAINS, a California limited
partnership,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Landoe, Brown, Planalp, Kommers & Johnstone; Steve
Reida argued, Bozeman, Montana
Jones & Hoffman; Chester Lloyd Jones argued, Virginia
City, Montana

    For Respondent:

        Poore, Roth & Robinson; C. Richard Anderson argued and
John P. Davis argued, Butte, Montana

_____

Submitted:  January 6, 1988

Decided:  February 16, 1988

Filed: FEB 1 6 1988

*Ethel M. Harrison*

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant-Shining Mountains appeals from a District Court decision requiring it to provide and construct roadways throughout a subdivision located in Madison County and to pay reasonable attorney's fees to plaintiffs. We affirm and remand with instructions.

This appeal comes from a Madison County bench trial before the Honorable Frank M. Davis, which was concluded September 30, 1986. Defendant, "The Shining Mountains," a California limited partnership, is the owner-developer of property known as the "Shining Mountains Subdivision" located in Madison County, Montana. A dispute arose between defendant and individuals purchasing parcels within the subdivision as to the extent and nature of defendant's commitment to construct roadways within the subdivision. The plaintiff-landowners filed suit alleging defendant represented that roadways would be provided as part of the development and constructed by defendant.

This Court previously reversed a partial summary judgment in favor of plaintiffs. Magers v. Shining Mountains (Mont. 1986), 711 P.2d 1375, 43 St.Rep. 16 (holding that a genuine issue of fact remained in determining what representations were made by defendant to plaintiffs as to the construction of roadways, and that roadway easement designations on the plat maps did not alone create a promise to construct roads). Following a subsequent trial, the District Court concluded that defendant was obligated to provide and construct roadways as designated in its recorded plats of the subdivision, and that the roads comply with the minimum requirements of local subdivision specifications. The District Court found that defendant had represented

2

during sales campaigns that it would construct the roads and that defendant acknowledged this obligation by beginning "a program of road and improvement construction in accordance with the designations thereof in the recorded plats." Plaintiffs were awarded attorney's fees in the amount of $26,000.

Four issues are raised for our consideration on appeal:

(1) Did the District Court properly order specific performance?

(2) Did the District Court award excessive attorney's fees?

(3) Are the plaintiffs entitled to an additional award of attorney's fees incurred in responding to the present appeal?

(4) Was the plaintiffs' action barred by the statute of limitations?

We will consider each issue separately. First, however, we must note that the standard of review on appeal is that the District Court's findings of fact will not be disturbed unless clearly erroneous. Rule 52(a), M.R.Civ.P. Further, this Court has made the following statement which is applicable under these circumstances:

> In a nonjury trial, the credibility of witnesses and the weight of their testimony are matters for the District Court to determine. The sufficiency of the evidence must be reviewed from the perspective most favorable to the prevailing party. The District Court's findings and judgment are presumed correct and will not be overturned unless the appellant meets the burden of proving with a preponderance of evidence that they are wrong. Merely showing the evidence establishes reasonable grounds for reaching a different conclusion is insufficient to reverse the District

3

Court findings. Lumby v. Doetch (1979),
183 Mont. 427, 431, 600 P.2d 200, 202.

Frank L. Pirtz Const. v. Hardin Town Pump (Mont. 1984), 692
P.2d 460, 462, 41 St.Rep. 2366, 2368.


I. DID THE DISTRICT COURT PROPERLY ORDER SPECIFIC
PERFORMANCE?

Defendant agrees it is obligated to construct some roadways, but argues the District Court order is excessive because it requires the construction of all roadways designated on the subdivision plat. Defendant contends that potential buyers were informed that roads would be constructed as they were needed, and when the buyer determined he was ready to build. Defendant alleges "there is no evidence in the record that Shining Mountains promised to build all the roads listed on the plat." Defendant relies upon the previous appeal in this matter, where it was held that the designation of roadways on the subdivision plat does not alone obligate the subdivider to construct roadways. Magers, 711 P.2d at 1378, 43 St.Rep. at 20. Instead, the obligation depends upon the actual representations made by the seller to the buyer. Defendant contends that the evidence does not sufficiently demonstrate a promise to construct the entire network of roadways.

In the previous appeal in this case, we reversed a partial summary judgment in favor of the plaintiffs and stated:

> "[I]t is the use made of the plat in inducing the purchasers . . . which gives rise to the legally enforceable right in the individual purchasers, and such is not dependent upon a dedication to public use, or upon the filing or recording of the plat." [Citing, Ute Park Summer Homes Ass'n v. Maxwell Land

4

> Gr. Co. (N.M. 1967), 427 P.2d 249, 253.]
> Similarly here, the purchasers acquired
> an easement for the designated use.
> Whether there is any legally enforceable
> right to have the roads constructed
> depends not on the designation in the
> plats but on the use of those plats in
> inducing purchases. The instruments
> alone do not give rise to a promise to
> open or construct the roads. Factual
> issues remain on the use made of the
> plats and what representations were made
> in the sale of lots. We therefore
> reverse the order granting partial
> summary judgment for respondents and
> remand for further proceedings.
> (Emphasis added.)

Magers, 711 P.2d at 1378, 43 St.Rep. at 20. Following a subsequent bench trial, the District Court found sufficient evidence to demonstrate that defendant's sales agents had made actual representations throughout the sales campaign that roads would be constructed and provided by defendant. This finding is supported by substantial credible evidence and we therefore affirm the finding.

The trial testimony consistently indicates that the defendant's sales agents referred to the plats of the subdivision when making a sales presentation to a potential buyer. Those plats clearly set forth a roadway system. The use of the plats suggest that the potential buyers would be purchasing land in a subdivision with a developed system of roadways, and not an isolated piece of real property. Defendant actually admits that once a land buyer decides to construct a residence, defendant is responsible for constructing a road to that plot of land. The trial testimony sufficiently demonstrates that the buyers were partially induced to make purchases because a roadway system would be provided by the seller. Substantial credible

5

evidence supports this conclusion, and we therefore refuse to hold that the District Court's decision is clearly erroneous.

Defendant contests the award of specific performance and states this is an inappropriate remedy because the obligations of the parties under the contracts are not sufficiently ascertainable. "Specific performance is an equitable remedy which compels the performance of a contract in the precise terms agreed on." Seifert v. Seifert (1977), 173 Mont. 501, 504, 568 P.2d 155, 156. Specific performance is not appropriate if the terms of the contract are not sufficiently certain so as to make the precise act which is to be done clearly ascertainable. Section 27-1-412(5), MCA. In other words, a contract will not be specifically enforced unless the terms of the contract are sufficiently definite. This Court has also noted however, that absolute certainty in every detail is not necessarily required:

> [I]t is well settled that absolute certainty in every detail is not a prerequisite for specific performance. Gropp v. Lotton (1972), 160 Mont. 415, 503 P.2d 661; Steen v. Rustad (1957), 132 Mont. 96, 313 P.2d 1014. Those matters which are collateral or which go to the performance of the contract are not essential and need not be expressed in the contract. Steen v. Rustad, supra; Johnson v. Elliot (1950), 123 Mont. 597, 218 P.2d 703.

Keaster v. Bozik (Mont. 1981), 623 P.2d 1376, 1381, 38 St.Rep. 194, 201. Additionally, we must note that specific performance is an equitable remedy:

> [T]he foundation of a suit for performance of a contract is that, by compelling the parties to do the very things they agreed to do, more complete and perfect justice is attained than by giving damages for breach of a contract. Specific performance is purely an

6

equitable remedy; presenting a purely equitable controversy and is governed by equitable principles. 81 C.J.S. Specific Performance § 1, p. 408. See also: State ex rel. Victor's Inc. v. District Court, Mont., 545 P.2d 1098, 33 St.Rep. 23, 27.

In 81 C.J.S. Specific Performance § 3, p. 411, it is stated:

"* * * specific performance will be ordered only on equitable grounds in view of all the conditions surrounding the particular case. * * *

"A bill in equity for specific performance is an appeal to the conscience of the court, and generally, in such a proceeding, the inquiry must be whether, in equity and good conscience, the court should specifically enforce the contract. Accordingly, specific performance will be granted when it is apparent from a view of all the circumstances of the particular case that it will serve the ends of justice, and it will be withheld when, from a like view, it appears that it will produce hardships or injustice to either party * * *." (Emphasis in original.)

Seifert, 173 Mont. at 504, 568 P.2d at 156, 157.

In view of the facts of this case and the general rules governing specific performance, we find the District Court order is correct. The plats designate the route, location, and width of the roadways in question. The only item not specifically designated is the type or nature of the roadways. Therefore, we find that the obligations generated by the sales contracts are sufficiently definite. Additionally, the actual construction of roadways is the proper equitable remedy.

7

Defendant contests the portion of the District Court order requiring that the roads meet the minimum requirements of the Madison County subdivision regulations. Since no such minimum requirements existed when plaintiffs purchased their lots, defendant contends it is unfair to apply the requirements at a future time. Defendant alleges the new requirements will result in a cost increase exceeding $500,000.

The record demonstrates that defendant has attempted to satisfy its obligations by constructing certain dirt roadways that are impassable during large portions of any given year. It would certainly not be equitable to allow defendant to escape its obligation by constructing roads which are rendered basically useless during significant portions of the year. The roadways must be of sufficient quality to provide reasonable access during the entire year. Both parties had an opportunity at trial to present a plan which would provide reasonable year-round access. Plaintiffs presented the Madison County subdivision regulations as containing a reasonable standard for the roadways. The District Court chose to accept those standards as reasonable, and we see no reason to reject this decision.

Defendant finally states that the District Court decision benefits 200 lot owners that are not parties to the action, and has the effect of treating the dispute as a class action suit. Defendant concludes this is not an appropriate case for a class action suit because recovery depends upon representations made to each individual buyer. Additionally, a similar case was previously denied class action status. We reject defendant's contention because the completion of the roadway system within the subdivision benefits each of the plaintiffs. Although others will certainly benefit even though they are not parties to this lawsuit, this

consideration is not controlling. Each plaintiff has a vested interest in having the subdivision roadway network completed. We hold the District Court properly awarded specific performance.

II. DID THE DISTRICT COURT AWARD EXCESSIVE ATTORNEY'S FEES?

Defendant agrees that an award of attorney's fees is appropriate because the sales contracts and Montana law provide for such fees. However, defendant states the award of $26,000 is excessive. Defendant explains that plaintiffs lost the first appeal in this case and that resulting attorney's fees from that appeal should not be paid by defendant. Additionally, defendant alleges a large portion of the plaintiffs' attorney's fees were paid for by a third party, and that other portions of plaintiffs' attorney's fees were generated as a result of a separate case.

In determining what constitutes "reasonable attorney's fees," this Court has stated that the following factors should be considered as guidelines: (1) the amount and character of the services rendered; (2) the labor, time, and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the character and standing in their profession of the attorneys; and (7) the result secured by the services of the attorneys. See, Carkeek v. Ayer (1980), 188 Mont. 345, 347, 613 P.2d 1013, 1015; First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 430, 547 P.2d 1328, 1332; Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 119, 120, 541 P.2d 56, 59; and, Forrester and MacGinnis v. B. & M. Co. (1904), 29 Mont. 397, 409, 74 P. 1088, 1093. Determining what constitutes reasonable attorney's fees is a

discretionary task for the District Court, and this Court will not disturb its judgment in the absence of an abuse of that discretion. Talmage v. Gruss (1983), 202 Mont. 410, 412, 658 P.2d 419, 420 (citing, Carkeek, 188 Mont. at 347, 348, 613 P.2d at 1015).

The District Court specifically stated in its order dated May 4, 1987, that it considered plaintiffs' itemized statements, the supporting affidavits, and the general and local standards and criteria for the fixing of attorney's fees. The District Court actually reduced the amount of attorney's fees requested by the plaintiff from $29,575.07 to $26,000. After reviewing the plaintiffs' supporting affidavits and statements, the guidelines for determining reasonable attorney's fees, and the District Court order, we find no abuse of discretion and affirm the award of attorney's fees.

Defendant also objects to the award of attorney's fees on the contentions that the fees have already been advanced by a third party and that a significant portion of the fees were generated due to a separate but similar case. Defendant cites no authority which prohibits a third party from advancing such fees for plaintiffs. Defendant does cite First National Bank of Great Falls v. Llera (1978), 176 Mont. 481, 487, 580 P.2d 100, 104, for the proposition that only parties with a contractual right to attorney's fees may receive an award for those fees pursuant to the contract. In this case, however, the plaintiffs are parties to the sales contracts and therefore may receive attorney's fees based on that contract. This is not altered merely because a third party advanced the fees. Additionally, there is no indication that the attorney's fees were incurred due to another case. Instead, it appears that plaintiffs have become genuinely obligated to pay significant amounts in

10

attorney's fees as a result of pursuing this action. The District Court determined a reasonable amount for these services and we hold there is substantial evidence to make such a determination.

III. ARE THE PLAINTIFF/RESPONDENTS ENTITLED TO AN ADDITIONAL AWARD OF ATTORNEY'S FEES INCURRED IN RESPONDING TO THIS APPEAL?

Plaintiffs contend that if they prevail on this appeal, they are entitled to additional reasonable attorney's fees incurred due to this appeal. The claim for attorney's fees is based on an attorney's fee clause in the contract for sale which provides that the seller (defendant) is entitled to reasonable attorney's fees generated by any subsequent litigation. Due to the clause, the buyers (plaintiffs) obtained the same right to claim attorney's fees. Section 28-3-704, MCA. The clause specifically states it applies to any legal action instituted in any court. As the prevailing party on appeal, plaintiffs are entitled to reasonable attorney's fees. We hold this is consistent with previous cases discussing similar issues. See, In re Marriage of Bolstad (1983), 203 Mont. 131, 135, 660 P.2d 95, 97.

IV. WAS THE PLAINTIFF'S ACTION BARRED BY THE STATUTE OF LIMITATIONS?

Defendant contends the applicable statute of limitations for this case is five years, despite this Court's decision which applied an eight year statute of limitations. Magers, 711 P.2d at 1378, 1379, 43 St.Rep. at 20, 21. Defendant reasons that since the claim depends upon the oral representations made to the buyers, the claim is one based on a contract not founded upon a written instrument and the applicable statute of limitations is five years. See,

11

§ 27-2-202(2), MCA. Defendant urges this Court to reevaluate the prior decision in this case. After reviewing this issue, we see no reason to reverse our prior decision regarding the statute of limitations.

In conclusion, we affirm the District Court on all issues. We remand for the purpose of determining reasonable attorney's fees incurred by plaintiffs on this appeal. Further, we direct the District Court to reestablish a date for the completion of the roadways, as well as other improvements including the artificial lake as stated in the District Court's final judgment, as set forth on the plats of the subdivision and in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

12