No. 88-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

ROBERT DEW and SALLY DEW;
LEIGHTON DRESCH and JAN DRESCH;
and JAMES POSEY and LORI POSEY,

        Plaintiffs and Appellants,

  -vs-

DOUGLAS C. DOWER and ALICE S. DOWER,
a/k/a ALYCE S. DOWER,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cotter & Cotter; Patricia O'Brien Cotter, Great Falls,
        Montana

    For Respondent:

        H. William Coder & Joseph M. Sullivan; Emmons & Coder,
        Great Falls, Montana

---

Submitted on Briefs:  April 27, 1989

Decided:  June 6, 1989

FILED

Filed:

'89 JUN 6 AM 10 37

MONTANA SUPREME COURT

_____
          Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The District Court for the Eighth Judicial District, Cascade County, entered a directed verdict at the close of trial in this matter. Plaintiffs appeal, arguing that they presented evidence which would warrant submitting to the jury several issues relating to their purchases of land from defendants, the Dowers. We reverse and remand for further proceedings consistant with this opinion.

The dispositive issue is whether the District Court erred in directing a verdict for the defendants at the close of all the evidence, based on the statute of frauds.

The Dowers owned approximately 205 acres of real property south of Great Falls, Montana. They sold the property in parcels of a little over 20 acres each. Defendant Alice Dower was, at the time of the sales, a licensed realtor. The plaintiffs, as husbands and wives, purchased some of those parcels. Plaintiffs executed buy-sell agreements and contracts for deed in purchasing their respective parcels.

Plaintiffs' complaint alleged negligence, fraud, and breach of a covenant of good faith and fair dealing for the Dowers' failure to bring the access roads up to "county grade." Plaintiffs testified at trial that the Dowers orally agreed to improve two roads found on the 205 acres to "county grade" 60-foot wide roads and to guarantee access to the property. The Dowers testified that if any oral promises were made about the roads, it was to improve the roads to make them "passable" and to seek alternative access to the property. They maintained that they had done these things.

During oral arguments on the Dowers' motion for directed verdict after all evidence had been submitted, plaintiffs' attorney withdrew the claims as to plaintiffs Sally Dew, Jan

Rae Dresch, and Lori Posey. She also withdrew all negligence claims alleged by plaintiffs. The court then directed a verdict for the Dowers and entered findings, conclusions, and a judgment in their favor on the remaining claims. It stated that plaintiffs were barred by the statute of frauds from claiming oral promises in addition to the terms of the written contracts between the parties.

Did the District Court err in directing a verdict for the defendants at the close of all the evidence, based on the statute of frauds?

The statute of frauds as applicable in this case is set forth at § 28-2-903(1)(d), MCA:

> (1) The following agreements are invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or his agent:
>
> . . .
>
> (d) an agreement for the leasing for a longer period than 1 year or for the sale of real property or of an interest therein. . . .

Plaintiffs' central argument is that the statute of frauds does not bar their claim because they were fraudulently induced into signing their contracts with the Dowers by Alice Dower's false representations about the roads which would be built. They also assert that the District Court failed to examine the facts in the light most favorable to them, the non-moving parties. Third, they maintain that the court erred in failing to submit to the jury questions regarding Alice Dower's fiduciary duty as a realtor and her breach of a covenant of good faith and fair dealing.

The Dowers and the District Court relied upon Kelly v. Ellis (1909), 39 Mont. 597, 104 P. 873. That case arose out

3

of Kelly's written contract to sell his ranch to Ellis. Kelly claimed that Ellis orally promised that Kelly would be employed as ranch manager. Kelly argued that he had been fraudulently induced into entering the written contract by the oral promise. This Court ruled that where there was no allegation of failure to keep all promises made in the written agreement, the statute of frauds precluded admission of evidence of an oral promise directly related to the subject matter of the contract. Kelly, 104 P. at 875-76.

Plaintiffs cite Goggans v. Winkley (1970), 154 Mont. 451, 465 P.2d 326. In that case, this Court set forth the rule that fraud in the inducement is provable by parol evidence, despite the parol evidence rule. Goggans, 465 P.2d at 330. However, evidence of a promise regarding a futurity is only admissible if there is also evidence of intent to defraud at the time the promise was made. Dodds v. Gibson Products Co. of W. Mont. (1979), 181 Mont. 373, 379, 593 P.2d 1022, 1025.

Plaintiffs also cite Majers v. Shining Mountains (Mont. 1986), 711 P.2d 1375, 43 St.Rep. 16 (Majers I), aff'd after remand (Mont. 1988), 750 P.2d 449, 45 St.Rep. 283 (Majers II). In that case, buyer and plaintiff Majers alleged a common-law implied covenant on the part of the seller to build roadways in Shining Mountains subdivision. As is true in the present case, the written contracts by which plaintiff purchased property did not contain a promise to build roads. However, recorded plats showing roadways within the subdivision were referred to in the contracts and used by the selling agents. In Majers I, this Court held that whether the use of the plats gave rise to an implied covenant was an issue of fact which must go to the jury. Majers I, 711 P.2d at 1378. In Majers II, this Court concluded that substantial evidence supported the district court's finding that

4

defendant's sales agents had represented that defendant would construct and provide roads. Majers II, 750 P.2d at 451. This Court affirmed the district court's order for specific performance (building the roads).

The evidence presented at trial in the present case included the testimony of plaintiffs Robert Dew and James Posey that Alice Dower promised to improve the roads to "county grade." A realtor who showed and sold the property to plaintiff Leighton Dresch testified that prior to the sale, he met Alice Dower on the property and she showed him where the stakes were for the "county-standard-type" roads she was going to put in. The realtor repeated this representation to Mr. Dresch. A certificate of survey was introduced into evidence. It showed 60-foot road easements on the 205 acres. The male plaintiffs all testified that they had been shown the certificate of survey when they were negotiating to buy their parcels. The recorded certificate of survey was also referenced in the contracts for deed. Further, plaintiffs introduced a letter from the Dowers' attorney to the insuring title company. In that letter the attorney agreed, on behalf of Alice Dower, to hold the title company harmless from any claims arising from purchasers' access problems.

The written buy-sell agreements and the contracts for deed were introduced into evidence. The buy-sell agreements contained no promise to improve the roads and stated:

> Purchaser enters into this agreement in full reliance upon his independent investigation and judgment. No agreements, verbal or other, modify or affect this agreement.

Each contract for deed contained a clause stating:

> Purchaser has carefully examined the described property and accepts the same in its present condition without reliance upon any statement,

> representation or warranty by or on
> behalf of the Vendor as to the condition
> or state of repair thereof.

The testimony also included Alice Dower's statement that she only promised to make the roads "passable," which she maintained at trial that she had done. She admitted that she only improved the roadways to a 50-foot width and denied that survey stakes at the 60-foot width established the width of the planned roads. She testified that the stakes established only the outer boundaries to which property owners could fence.

It was clear in Majers that the sellers admitted promising to do work on the roads. Here, too, Alice Dower admitted at trial that she had promised to do roadwork; the dispute is about the extent of the promise. Because they sold their property in parcels of more than 20 acres, the Dowers were not required to comply with the Montana statutes requiring subdivision developers to provide roads. However, the plaintiffs' case is not based upon the Montana subdivision statutes, but upon the extent of Alice Dower's promises over and above what she was required to do.

The Dowers point out that Majers and the present case were submitted under different theories. Majers was decided under contract theories; the present case involved only a tort claim at the time the District Court entered its directed verdict. Nevertheless, we conclude that the present case is governed by the rules set forth in Majers, Goggins, and Dodds.

Plaintiffs are correct in their statement that, in ruling on a motion for directed verdict, the court must evaluate the facts in the light most favorable to the non-moving party. Stout v. Montana Power Co. (Mont. 1988), 762 P.2d 875, 876, 45 St.Rep. 1926, 1928. There is a

6

conflict in the evidence regarding the representations made by Alice Dower. We hold that the District Court erred in taking from the jury the issue of whether the plaintiffs were fraudulently induced to enter the contracts to purchase their parcels of land from the Dowers.

As to the claims of fiduciary duty and breach of covenant of good faith and fair dealing, those matters may be addressed anew upon retrial of this case.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices