No. 89-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

FRED W. MAGERS and CECILA MAGERS,
DONALD R. ABRAHAMSON and LOUINE
W. ABRAHAMSON, THOMAS TILLMAN and
THOMAS ORCUTT, and HELEN R. ORCUTT,

       Plaintiffs and Respondents,

  vs.

NICK MALLAS,

       Defendant and Appellant.

---

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Madison,
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Edmund P. Sedivy, Jr., Morrow, Sedivy & Bennett,
              Bozeman, Montana

       For Respondent:

              C. Richard Anderson, Esq., John P. Davis, Esq.,
              Butte, Montana

---

Submitted on Briefs:  June 28, 1990

Decided:  August 7, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the Fifth Judicial District, Madison County, granting summary judgment in favor of the plaintiffs, Fred Magers, et al. (Residents) and finding defendant, Nick Mallas (Mallas) liable for the debts of the limited partnership, Shining Mountains. We reverse.

The sole issue on appeal is:

Whether a general partner of a limited partnership, who is admitted to that partnership subsequent to its entrance into a contractual obligation, can be held personally liable for breach of that contract.

This is the third time a controversy surrounding this case has been before this Court. We will provide a brief outline of the history of this controversy as it relates to the case now before us.

In the early to middle 1970's, Shining Mountains, a limited partnership, subdivided and sold lots on a 7,000 acre ranch located in Madison County, Montana. Residential lots were sold pursuant to land contracts which contained covenants that provided, inter alia, that Shining Mountains would oversee and maintain all common areas, including roads within the subdivision. The Residents also maintained that Shining Mountains personnel informed them that roads would be constructed and maintained by the sellers. Shining Mountains failed to build the roads and the Residents sued. The trial court granted summary judgment in favor of the Residents and held that Shining Mountains had an implied covenant to construct

2

the roads which were located on a recorded plat. Shining Mountains appealed and we reversed, holding that the plats, in and of themselves, did not give rise to a promise to construct roads. We held that there were factual issues regarding the use made of these plats and what representations were made in the sale of lots. We directed the lower court in addressing this issue to determine whether the plats were used to induce the purchases. See Majers v. Shining Mountains (1986), 219 Mont. 366, 711 P.2d 1375. (Magers in the case now on review is the same party as Majers which is cited in earlier opinions.)

Upon remand, and subsequent trial, the District Court found that Shining Mountains had represented during sales campaigns that it would construct the roads. It then ordered specific performance of the contract and awarded attorney's fees. Shining Mountains appealed and we affirmed the findings of the trial court in full. Majers v. Shining Mountains (1988), 230 Mont. 373, 750 P.2d 449.

Following this appeal, Shining Mountains made no meaningful effort to construct the roads. Therefore, after a number of hearings in the lower court, the partnership was ordered to pay the Residents the sum of $565,000, which was the estimated cost of roadway construction. The Residents were unable to execute on the judgment however, and they later learned that the partnership had filed for bankruptcy in the United States Bankruptcy Court District of California.

The Residents then moved the District Court to enter summary judgment against Mallas, who had become a general partner in

Shining Mountains on August 28, 1984, after the disputed agreements were executed. The District Court granted the order and found Mallas jointly and personally liable for the costs of the roadways. This appeal followed.

The District Court based its conclusion on two principles of law. First, it held that under § 35-10-309, MCA, Mallas was personally liable for the judgment against Shining Mountains because the judgment was an obligation that only came into existence upon the resolution of the trial, which occurred on September 30, 1986. See Majers v. Shining Mountains (1988), 230 Mont. 373, 750 P.2d 449. Second, the District Court held that Mallas, in his capacity as general partner, personally assumed the obligation to construct roadways. We will address each of these holdings separately.

To begin, we note that under § 35-12-803(2), MCA, a general partner of a limited partnership is liable to the same extent and in the same manner, as a partner in a partnership. Section 35-10-309, MCA, defines this liability:

> A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property. (Emphasis added.)

Mallas argues that while he is liable for the debts of the partnership, he is only liable to the extent of his partnership assets. He maintains that the obligation to build the roads devolved upon Shining Mountains when it entered into the various land sales contracts with the Residents. Since these contracts

4

were executed prior to the time he entered into the partnership, he maintains that he cannot be held personally liable.

The lower court disagreed and held that the obligations were not incurred until the court issued its final judgment in the trial, which was held after remand from our reversal of its order for summary judgment. This occurred after Mallas assumed responsibility as a general partner. Under this theory Mallas would be personally liable, in accordance with § 35-10-309, MCA, because the debt only became due and owing when final judgment was entered, and not when the contracts were executed.

We disagree. A judgment does not create a new right. Rather, it has long been recognized that a judgment merely defines and determines what rights already exist. Neel v. First Federal Sav. and Loan Assoc. (1984), 207 Mont. 376, 675 P.2d 96. In this case, the judgment rendered by the District Court only had the effect of enforcing an obligation which arose when the sales contracts were executed. As such, the obligation and resultant liability came into existence when the land sales contracts were signed--not when judgment was entered against Shining Mountains. Mallas was not a general partner when the contracts were executed and therefore under § 35-10-309, MCA, he cannot be held personally liable for the debt. His liability only extends to his partnership assets.

The lower court also held that Mallas, in his capacity as general partner, voluntarily assumed the obligations to build the roads. In coming to this conclusion it relied upon a New York case, Wood v. MacAfee (1918), 172 N.Y.Supp. 703, which holds that

5

an incoming partner may voluntarily make himself liable for existing debts of a partnership. The New York court further held that an intent to assume such debts may be inferred from facts and circumstances surrounding the incoming partner's inception into the partnership. The District Court maintains that, through his actions of continuing the partnership, and in particular through his efforts to build the needed roads, Mallas voluntarily assumed the obligations.

We disagree. There is no evidence offered by the Residents that indicates that Mallas personally assumed the obligations of Shining Mountains. To the contrary, all evidence indicates that Mallas was merely tending to partnership business, and fulfilling his duty to the partnership through his attempts to build the roads and resolve the conflict with the Residents. He cannot, therefore, be held personally liable on the grounds that he assumed any obligation to build the roads.

When this controversy was presented to the District Court, both parties moved for summary judgment. The lower court, in accordance with Rule 56(c), M.R.Civ.P., found that there was no issue of material fact and determined as a matter of law that Mallas was personally liable. We agree there is no material issue of fact; however, we disagree with the lower court's application of the law. Under § 35-10-309, MCA, Mallas is only personally liable for debts which arose subsequent to his admittance to the partnership. As stated earlier, the contractual obligations at issue here, arose well before he assumed responsibilities as a

6

general partner. Furthermore, there is no evidence that Mallas voluntarily assumed these obligations. We therefore hold that the lower court erred in failing to grant Mallas' motion for summary judgment and the judgment is reversed, and the case remanded with instructions to enter judgment in favor of Mallas stating that his personal liability is limited to the extent of his partnership assets.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7