991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen J. KENNEY; Bobby L. Hardt; Leona Hodgson;
Nelvette R. Siemion, Plaintiffs-Appellants,
v.
UNITED STATES of America, acting through Bruce BABBITT,
** Secretary, United States Department of
Interior; Robert Stanton, Associate Director, Operations,
United States Department of Interior, National Park Service;
and William G. Binnewies, Superintendent, Big Horn Canyon
National Recreation Area, National Park Service, United
States Department of Interior, Defendants-Appellees,
 No. 91-36056.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided April 22, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellants, Montana landowners, sought (1) to quiet title to a road easement, (2) just compensation for the taking of an easement and (3) declaratory and injunctive relief. The district court granted summary judgment for the government, holding that appellants had no easement. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, if there are any genuine issues of material fact and if the district court applied correctly the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 4
 The landowners argue that the government acquired the ten-acre tract subject to either an express easement, an implied easement, an easement by necessity or an easement by plat or map. Under Montana law, they are wrong.
 
 1. Express Easement
 
 5
 An express easement requires a resolution or exception in a deed. See Missoula v. Mix, 214 P.2d 212, 216-17 (Mont.1950). Further, the interpretation of the clause purportedly creating the easement depends on the grantor's intent as shown in the entire deed. Id. at 215; see also Medhus v. Dutter, 603 P.2d 669, 673 (Mont.1979) (creation of an easement in favor of stranger to conveyance requires clear showing of grantor's intent). Though the Hovlands granted YDC an express easement, YDC later destroyed it by quitclaiming it back to them. See Zavarelli v. Might, 749 P.2d 524, 527 (Mont.1988) (easement merges with title when held by one person).
 
 
 6
 The language in the Hovlands' warranty deed subjecting the United States to "rights-of-way of record or in use" does not resurrect the express easement. Montana courts hold that such language relates to the grantor's warranty of title, unless further evidence shows that the grantor intended otherwise. Medhus, 603 P.2d at 673. No such evidence exists here. The circumstances surrounding the transaction show the Hovlands' intent was to destroy, not reserve, the easement.
 
 2. Implied Easement
 
 7
 Montana courts evaluate claims of implied easements with "extreme caution since an action results in depriving a person of the use of his property by imposing a servitude through mere implication." Goeres v. Lindey's, Inc., 619 P.2d 1194, 1197 (Mont.1980). Further, implied easements "rest upon an implied intent of the parties gathered from the circumstances surrounding the conveyance." Woods v. Houle, 766 P.2d 250, 253 (Mont.1988). To discern whether that intent existed, Montana courts look for three factors: (1) unity of title, (2) a pre-existing use that was so long and so obvious that it was meant to be permanent and (3) the necessity of the easement for the beneficial enjoyment of the land. Graham v. Mack, 699 P.2d 590, 596 (Mont.1984).
 
 
 8
 The landowners cannot show the high level of intent required to create an implied easement. First, unity of title is unclear. Kenney acquired his ten acres from the Hovlands. The others acquired their land from YDC and the Hovlands as joint-grantors. Because the Hovlands were the grantors of both Kenney's land and the government tract, he has the only possible claim. But even his claim is unclear because YDC may have been granted land between the government tract and what later became the Kenney tract before construction of the road and sale to the government, thus severing any connection between the two tracts. Second, the road's use was not long and obvious. The road was still new and primitive when the Hovlands conveyed the tract to the government. Finally, the easement is unnecessary to the beneficial enjoyment of the land. Although Montana case law does not define "beneficial enjoyment," the landowners still receive some beneficial enjoyment of their land, even if it is not the full use they expected.
 
 
 9
 The three factors do not show that the Hovlands and the government intended to create an easement at the time of severance. To the contrary, the "circumstances surrounding the conveyance" are not enough to convince a court proceeding with "extreme caution" that the parties intended that an easement continue.
 
 3. Easement by Necessity
 
 10
 An easement by necessity requires both unity of ownership and strict necessity. Id. at 596-97. Strict necessity concerns access, not value. It arises when a landowner conveys property with no outlet to the public highway. Id. at 596. These landowners have access to the highway. Strict necessity does not exist.
 
 4. Easement by Plat or Map
 
 11
 The landowners rely on Majers v. Shining Mountains, 711 P.2d 1375 (Mont.1986), to argue that they have an implied easement because the maps used to promote the subdivision showed a road extending from the subdivision to the reservoir. Majers is distinguishable. It involved a recorded plat map with designated common areas and roadways, upon which the purchasers relied at the time of purchase. Id. at 1376. The plat maps of the YDC development do not show the purported easement.
 
 
 12
 Even if we were to extend the reasoning in Majers to include the brochure, the landowners have not shown that YDC or the Hovlands owned the ten-acre tract at the time that the landowners relied upon the brochure map. See id. A map cannot create an easement over the land of a third party. Cf. Graham, 699 P.2d at 596-97 (easement by necessity can never be granted over land of a third party or stranger to title). Kenney, Hardt, and Hodgson purchased their land after the United States acquired title to the tract. Siemion's predecessor in interest, Houser, did acquire title before the government's purchase. She has not shown, however, that Houser relied on a map before the government purchase. In addition, the brochure is undated. None of the landowners have made the showing of reliance necessary for a plat map easement.
 
 
 13
 We affirm the district court and hold that an easement does not exist. We need not reach the landowners' claim for just compensation for a taking.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Bruce Babbitt is substituted for Manuel Lujan, Jr., as Secretary of the Interior, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3