No.   94-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

COUNTRY ESTATES HOMEOWNERS ASSOCIATION,
a Montana corporation,

           Petitioner and Respondent,

      v.

GEORGE W. McMILLAN, ELOISE F. McMILLAN,
and VANCE A. McMILLAN,

           Respondents and Appellants.

FILED

DEC 22 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

          For Appellants:

               Richard R. Buley, Tipp & Buley,
               Missoula, Montana

          For Respondent:

               E. Eugene Atherton, Attorney at Law,
               Kalispell, Montana


                         Submitted on Briefs:  December 8, 1994

                                  Decided:  December 22, 1994

Filed:

                         _____
                                  Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Petitioner Country Estates Homeowners Association filed a petition for a writ of mandate on June 8, 1993, in the District Court for the Eleventh Judicial District in Flathead County. They requested that George, Eloise, and Vance McMillan (the McMillans), be ordered to comply with the restrictive covenants attached to real property owned by the McMillans, and that the McMillans be ordered to pay reasonable attorney fees. On December 1, 1993, the District Court held a hearing to consider the motion. On February 14, 1994, the District Court issued its final judgment and order in which it stated that the matter would be treated as one for injunctive relief, and in which it enjoined the McMillans from further violations of the restrictive covenants, and ordered them to remove the offending structure within 60 days, or complete construction within 60 days and landscape their lot. On February 24, 1994, the McMillans filed a motion for a new trial or to amend the judgment. The court did not rule on the motion within 45 days, and as a result, it was deemed denied, pursuant to Rule 59(d), M.R.Civ.P. The McMillans appeal. We vacate the judgment of the District Court and remand for further proceedings.

The issue on appeal is:

Did the District Court err when it treated this matter as one for injunctive relief, rather than for a writ of mandate, without prior notice to the respondents?

2

## FACTUAL BACKGROUND

The McMillans own Lot 2 of country Estates Unit No. 1, which is subject to restrictive covenants that provide, in part, at paragraph 1(c), that "[a]ll construction shall be complete within one year from the date construction begins." The covenants also provide, at paragraph 1(d), that "[a] 11 lots shall be landscaped to the paved street."

On June 8, 1993, Country Estates filed a petition for a writ of mandate in which they requested that the McMillans be forced to comply with the restrictive covenants which attached to their property, and also requested attorney fees incurred in this matter. In her affidavit filed in support of the petition, Wendy Madison, the secretary of Country Estates, alleged that the McMillans have partially built a structure on their property, but have failed to complete it. Madison alleged that the McMillans have violated provisions of the restrictive covenants which require that all construction be completed within one year from when it is undertaken, and that all lots be landscaped to the paved street. In her affidavit, Madison stated that the McMillans' structure has been incomplete for over ten years, and that they have not completed any landscaping.

On December 1, 1993, the District Court held a hearing pursuant to Country Estates' petition. Madison, and Janice Stout, a resident of Country Estates, testified.

Stout testified that the restrictive covenants which attach to properties in Country Estates were signed on October 18, 1979,

3

prior to the date the McMillans purchased their property. She also testified that the McMillans started construction on their residence over four years ago and that neither the house nor the landscaping had been completed.

The McMillans presented no evidence at this hearing, but argued that a writ of mandate was not an appropriate remedy, based on the facts alleged--particularly the private nature of the dispute.

At the conclusion of the hearing, the District Court stated that although the requirements of the restrictive covenants had not been satisfied, it was concerned about whether a writ of mandate was the appropriate remedy. The court invited the parties to file briefs in connection with that question.

On February 14, 1994, the District Court signed its final judgment in which it ordered that Country Estates' pleadings be amended to state a claim for injunctive relief. The District Court further ordered that the McMillans were enjoined from further violations of the restrictive covenants and were ordered to complete construction of, or remove, the offending structure within 60 days, and landscape their lot on or before July 1, 1994. The District Court also awarded attorney fees and costs to Country Estates.

On February 24, 1994, the McMillans filed a motion for a new trial or to amend the judgment. The motion was not ruled on within 45 days, and therefore, was deemed denied under Rule 59(d), M.R.Civ.P.

4

<u>DISCUSSION</u>

Did the District Court err when it treated this matter as one for injunctive relief, rather than for a writ of mandate, without prior notice to the respondents?

The standard of review of discretionary court rulings is whether the district court abused its discretion. *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125.

We have held that "due process requires a reasonable notice as to give everyone interested their opportunity to be heard." *Shaw v. City of Kalispell* (1959), 135 Mont. 284, 293, 340 P.2d 523, 528. In this case, the McMillans were given notice of a hearing to consider a petition for a writ of mandate. They were not given prior notice of a claim for injunctive relief.

"[L]iberal construction and amendment of pleadings does not grant counsel carte blanche to advance new theories on an unsuspecting opponent." *McJunkin v. Kaufman and Broad Home Systems, Inc.* (1987), 229 Mont. 432, 437, 748 P.2d 910, 913. In *McJunkin, we* cited *Brothers v. Surplus Tractor Parts Corp.* (19371), 161 Mont. 412, 417, 506 P.2d 1362, 1365, for the proposition that "'[i]t is generally accepted that the appellant cannot recover beyond the case stated by him in his complaint. . This Court believes that fair notice to the other party remains essential . . .'" *McJunkin,* 748 P.2d at 913. We have also held that "'pleadings will not be deemed amended to conform to the evidence because of "implied consent" where the circumstances were such that the other party was not put

5

on notice that a new issue was being raised."' *In re Custody of C.J.K.* (1993), 258 Mont. 525, 528, 855 P.2d 90, 91 (citing *Gallatin Trust and Savings Bank v. Darrah* (1968), 152 Mont. 256, 261-62, 448 P.2d 734, 737).

In this case, an entirely new and dissimilar theory formed the basis of the District Court's judgment without prior notice to the McMillans. We conclude that the District court abused its discretion by treating petitioner's claim as one for injunctive relief under these circumstances

The judgment of the District Court is vacated and this matter is remanded for a hearing after proper notice is given to the McMillans regarding the nature of the relief being sought.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices