No. 95-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

COUNTRY ESTATES HOMEOWNNERS ASSOCIATION, INC.,
a Montana corporation,

     Plaintiff and Respondent,

  v.

GEORGE W. McMILLAN, ELOISE F. McMILLAN and
VANCE A. McMILLAN,

     Defendants and Appellants.



APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Richard R. Buley; Tipp & Buley, Missoula, Montana


       For Respondent:

          E. Eugene Atherton, Attorney at Law, Kalispell,
          Montana


                    Submitted on Briefs:  March 28, 1996

                             Decided: April 16, 1996

Filed:

                                  _____
                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

George McMillan, Eloise McMillan, and Vance McMillan (McMillans) appeal from the Final Judgment and Order for Injunctive Relief of the Eleventh Judicial District Court, Flathead County, granting Country Estates Homeowners Association's (Country Estates) request for a mandatory injunction and awarding costs and attorney's fees. We reverse.

The following issues are raised on appeal:

1. Does the statute of limitations bar Country Estates' action for breach of the restrictive covenants?

2. Does Country Estates have standing to bring this action?

3. Did the District Court err in granting Country Estates a mandatory injunction?

This is the second appeal arising out of Country Estates' efforts to enforce restrictive covenants against the McMillans. In the first appeal, this Court remanded for a hearing after proper notice to the McMillans of the type of relief being sought in the proceedings. Country Estates v. McMillan (1994), 269 Mont. 131, 134, 887 P.2d 249, 251. On remand, Country Estates filed an amended complaint seeking a mandatory injunction, which, following a hearing, the District Court granted.

The McMillans own Lot 2 of Country Estates Unit No. 1, which is subject to restrictive covenants. The two pertinent covenants provide in relevant part that "[a]ll construction shall be complete within one year from the date construction begins" and that "[a]ll lots shall be landscaped to the paved street." The McMillans began constructing a house in the early 1980s. George McMillan testified

2

that construction began in 1981, and in arguing its position, Country Estates adopted 1981 as the year construction began. The District Court found that construction began "[in] approximately 1982 or 1983." At the time of the District Court's decision, neither the home nor the landscaping had been completed. The District Court determined that the McMillans had violated both restrictive covenants and issued a mandatory injunction requiring the McMillans to either complete the house and landscape the lot within 90 days or remove the violating structure within 90 days. The McMillans appeal from this determination.

1. Does the statute of limitations bar Country Estates' action for breach of the restrictive covenants?

In reviewing the district court's conclusions of law, we determine whether the court's conclusions are correct. Maloney v. Heer (1993), 257 Mont. 500, 504, 850 P.2d 957, 959 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603). Section 27-2-202, MCA, provides that an action upon any obligation founded upon an instrument in writing must be commenced within eight years. This Court has held that the eight-year statute of limitations set forth in § 27-2-202, MCA, applies to cases involving covenants. Scherpenseel v. Bitney (1993), 263 Mont. 68, 74, 865 P.2d 1145, 1149 (citing Majers v. Shining Mountains (1986), 219 Mont. 366, 372, 711 P.2d 1375, 1378-79). From the record it is clear that construction had commenced by 1983 at the latest. Thus, the statute of limitations began to run upon expiration of the one-year period following the commencement of construction.

3

The District Court concluded, relying on Graveley Ranch v. Scherping (1989), 240 Mont. 20, 782 P.2d 371, that "the pled affirmative defense of Statute of Limitations is inapplicable since each day of non-compliance, up to the present, constitutes a new violation of the Declaration of Covenants, Conditions, and Restrictions and starts the Statute of Limitations running anew." However, Graveley Ranch involved the application of the statute of limitations to a continuing nuisance. In contrast, the present case requires us to apply the eight-year statute of limitations, set forth in § 27-2-202, MCA, to covenants. Maiers, 711 P.2d at 1378-79.

Country Estates brought suit to obtain a mandatory injunction requiring the McMillans to comply with the restrictive covenants. The instant action is based on the breach of the restrictive covenants not on a nuisance theory. Thus, our opinion in Graveley is inapplicable to the issues raised in the instant case. Accordingly, the District Court erred in relying on Graveley as authority for its conclusion that each day of non-compliance with the restrictive covenants starts that statute of limitations running anew. While this may be true with respect to a continuing nuisance, it is incorrect with respect to restrictive covenants. Maiers, 711 P.2d at 1378-79.

Country Estates also asserts that our opinion in Scheruenseel controls and argues that the statute of limitations does not begin to run until the date on which an actual demand for performance is made. Scherpenseel, 865 P.2d at 1150. However, Scherpenseel is

4

not on point with the instant case. In <u>Scherwenseel</u>, we recognized that in many instances a developer's obligation to comply with affirmative covenants is open ended because:

> developers of real property often enter into affirmative, written covenants and agreements as a part of the subdivision process in order to obtain the approval of the governing body to file a subdivision plat. In many cases, roads and other improvements required by the local government, by applicable laws or rules and/or by the developer's covenants and agreements are not made immediately, but, rather, are constructed over a period of time as parcels or units of the subdivision are sold.

<u>Scheroenseel,</u> 865 P.2d at 1149. In addition, we noted that:

> [the rule] best effectuates the purposes and public policy of the [Montana Subdivision and Platting] Act, while, coincidentally, providing a definite and easily determinable time frame within which actions must be commenced to enforce affirmative, written covenants running with the land.
> . . . .
> [P]ublic policy, as expressed in the Act, demands that real estate developers be strictly held to their covenants and agreements, and that they not be allowed to gain the advantage of their failure to perform by the fortuitous passage of time.

<u>Scherwenseel,</u> 865 P.2d at 1149-50. In <u>Scherwenseel</u>, we were confronted with an affirmative covenant which did not specify a deadline for compliance. Under those facts, we held that the statute of limitations under § 27-2-202, MCA, did not begin to run until such time as there had been a demand for performance. In contrast, the restrictive covenants at issue here provide a definite and readily determinable time frame. The house must be completed "within one year from the date construction begins." Thus, the statute of limitations set forth in § 27-2-202, MCA, began to run upon expiration of that one-year period, that is, sometime in 1984. Accordingly, the eight-year statute of

5

limitations ran in 1992.   Country Estates did not bring this action until 1993.

Thus, we determine that the District Court erred in concluding that the statute of limitations did not operate to bar Country Estates' cause of action.   Based on our resolution of issue one, it is unnecessary for the Court to address issues two and three.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices